## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ADOLAT NADJIMOVA,

    Petitioner,

    v.

OFFICE OF PERSONNEL
  MANAGEMENT,

    Agency,

    and

DEPARTMENT OF STATE,

    Agency.

DOCKET NUMBER
CB-1205-25-0053-U-1

DATE: February 19, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janei Au, Montgomery Village, Maryland, for the petitioner.

Allison Kidd-Miller, D. Black, Eyana Esters, and Michele Bloom, Washington, D.C., for the Office of Personnel Management.

Marianne Perciaccante and Vidhya B. Amirthalingam, Washington, D.C., for the Department of State.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

On July 30, 2025, the petitioner requested that, pursuant to our authority under 5 U.S.C. § 1204(f), we review whether the Department of State's issuance of a July 11, 2025 reduction-in-force notice violated the Office of Personnel Management's regulations and resulted in the commission of prohibited personnel practices. Review Request File (RRF), Tab 1 at 8. For the reasons discussed below, we DISMISS this matter as withdrawn with prejudice to refiling (i.e., the parties normally may not refile this petition).

While this matter was pending before the Board, the petitioner, through her attorney, filed a December 2, 2025 motion stating that "she is withdrawing her appeal." RRF, Tab 16 at 1. In the context of an appeal of an adverse personnel action, the Board has stated that an appellant's relinquishment of her right to appeal to the Board must be by clear, unequivocal, and decisive action. *Cason v. Department of the Army*, 118 M.S.P.R. 58, ¶ 5 (2012); *Leno v. Department of Veterans Affairs*, 90 M.S.P.R. 614, ¶ 3 (2002). The Board has also stated that, absent unusual circumstances, the withdrawal of an appeal is an act of finality that has the effect of removing the matter from the Board's jurisdiction. *Pradier v. U.S. Postal Service*, 113 M.S.P.R. 495, ¶ 7 (2010); *Leno*, 90 M.S.P.R. 614, ¶ 3. We discern no reason not to apply those principles in the context of a regulation review request. *See* 5 C.F.R. § 1203.1(b)(1) (stating that, where appropriate and unless the Board's regulations provide otherwise, the Board may apply the provisions of 5 C.F.R. part 1201, subpart B, to regulation review proceedings).

Here, through her attorney, the petitioner has clearly, unequivocally, and decisively withdrawn her regulation review request. Thus, finding that withdrawal is appropriate under these circumstances, we dismiss this matter as withdrawn with prejudice to refiling. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.